UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KINDRED HEALTHCARE, INC.                                                                           PLAINTIFFS

and

REHABCARE GROUP, INC.

v.                                                              CIVIL ACTION NO. 3:15-CV-00433-CRS

HOMELAND INSURANCE COMPANY
OF NEW YORK                                                                      DEFENDANT

## MEMORANDUM OPINION

Defendant Homeland Insurance Company of New York ("Homeland") moves for leave to file a third-party complaint for contribution to defense costs against Cornerstone Insurance Company ("Cornerstone"). The Court will grant Homeland's motion.

## BACKGROUND

This case revolves around a routine question in insurance indemnification and contribution matters: who should foot the bill for defense costs? The basic facts of this case are undisputed. Homeland issued primary and excess liability insurance policies to RehabCare and its then-affiliate Polaris Group ("Polaris") for the period of May 1, 2009 to June 1, 2011. Kindred acquired RehabCare and Polaris on June 1, 2011. After the acquisition, the Homeland policy lapsed. Cornerstone, which is Kindred's wholly-owned subsidiary and captive liability insurer, issued new liability insurance policies to RehabCare and Polaris for policy period from January 1, 2011 to January 1, 2015.

In January 2014, a putative class action was filed against RehabCare and Polaris alleging violations of the Junk Fax Prevention Act of 2005. Kindred defended and settled the first class action against RehabCare and Polaris. Homeland has not paid for any defense or settlement costs relating to the defense of RehabCare in that action. Homeland contends that it has paid toward Polaris' defense costs in that action.

Subsequently, on September 19, 2014, the Polaris Chief Operating Officer purchased Polaris from Kindred. The purchase agreement included an insurance claims waiver agreement. Under this agreement, Polaris agreed that it would not seek coverage under the Cornerstone policy for any past or present insurance claims.

Another putative class action was filed in December 2014 (the "Fellen action") against RehabCare and Polaris alleging that between 2010 and 2014 the companies violated the Telephone Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005. Kindred undertook the defense of RehabCare in the Fellen action, which is still pending. Homeland has not paid for any defense or settlement costs relating to the defense of RehabCare in the Fellen action. However, Homeland has acknowledged it has a defense and indemnification obligation to RehabCare, but the parties differ on the extent of this obligation. *See* Def.'s Reply 5, ECF. No. 26. Homeland contends that it has paid toward Polaris' defense costs in the Fellen action.

Kindred and RehabCare filed suit against Homeland for declaratory judgment, breach of contract, and bad faith.

## STANDARD

Under Fed. R. Civ. P. 14(a)(1), a defendant may implead a third-party "who is or may be liable to it for all or part of the claim against it." The defendant must obtain leave of the Court to file such a complaint more than 14 days after serving the original answer. Fed. R. Civ. P. 14(a)(1). "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir.2008).

Whether to grant leave to implead is within this Court's discretion and "is essentially a process of balancing the prejudices*." Botkin v. Tokio Marine & Nichido Fire Ins. Co.*, 956 F. Supp. 2d 795, 801 (E.D. Ky. 2013) (internal citations and quotations omitted). As the Sixth Circuit explained, "[t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *American Zurich Ins. Co., Inc.*, 512 F.3d at 805.

"[T]he timeliness of the motion is an urgent factor governing the exercise of such discretion." *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). Courts should freely grant timely motions. *In re Yamaha Motor Corp. Rhino ATV Products Liab. Litig.*, No. 3:09-MD-2016-JBC (W.D. Ky. July 24, 2009). However, in balancing prejudices, some courts have taken into consideration whether granting the motion "would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *See, e.g.*, *id.* (internal citations and quotations omitted).

## DISCUSSION

Homeland moves to implead Cornerstone and file a third-party complaint against it for defense cost contribution for claims in the Fellen action against RehabCare and Polaris – a non-party. Plaintiffs oppose the motion.

The proposed third-party complaint seeks defense cost "contribution, indemnity, subrogation, or other form of reimbursement from Cornerstone" for the class action claims in the Fellen action against RehabCare and Polaris. ¶¶ 26 – 31, ECF No. 24-3. This proposed complaint deals with the same factual matters and similar coverage issues as the underlying complaint. Moreover, the underlying matter is in its infancy, and the deadline for adding parties under the Court's scheduling order had not passed when Homeland submitted its motion. *See* ECF No. 22.

Plaintiffs oppose the motion. They argue that Homeland's proposed complaint fails to state a claim upon which relief may be granted. This is the standard for a motion to dismiss. Fed. R. Civ. P. 12(b)(6). While whether a proposed third-party complaint states *any* claim upon which relief may be granted suggests the claim is obviously unmeritorious, it is unnecessary for the Court to enter into an in-depth motion to dismiss analysis to allow some claims to proceed and others to fall by the wayside. If there is at least one claim that may meet the Rule 12(b)(6) standard, that strongly supports that the complaint states a claim that is not "obviously unmeritorious." *See In re Yamaha Motor Corp.*, No. 3:09-MD-2016-JBC.

The proposed amended complaint sets forth at least one claim that is not "obviously unmeritorious." Homeland alleges it is entitled to "contribution, indemnity, subrogation, or other form of reimbursement from Cornerstone" for the class action claims in the Fellen action against RehabCare. ¶ 28. Contribution is available "where all insurers are equally liable for the

4

discharge of a common obligation." *State Farm Fire & Cas. Co. v. Zurich Ins. Co.*, 111 F.3d 42, 44 (6th Cir. 1997) (internal quotations and citations omitted). To determine if contribution is appropriate between insurers, "other insurance" clauses direct the Court. "'Other' or 'double' insurance exists where two or more policies of insurance are effected upon or cover the same interests in the same, or part of the same, property, against the same risk, and either in the name or for the benefit of the same person." *Northbrook Prop. & Cas. Ins. Co. v. W. Am. Ins. Co.*, 1 F. App'x 268, 272 (6th Cir. 2001) (quoting 7 Couch on Insurance 3D § 98:1 (3d ed. 1995)). "Generally, when two or more insurance policies contain 'excess' insurance clauses, the clauses are considered mutually repugnant and disregarded, with each insurer responsible for its pro rata share of the compensated loss." *Id.*; *see also Owners Ins. Co. v. State Auto Prop. & Cas. Co.*, 977 F. Supp. 2d 708, 711 (W.D. Ky. 2013); *Great Am. Ins. Co. v. Lawyers Mut. Ins. Co. of Ky.*, 492 F. Supp. 2d 709, 712 (W.D. Ky. 2007).

The Homeland and Cornerstone policies contain these provisions covering the same insureds – RehabCare and Polaris. *See* Def.'s Reply 7 – 8. Therefore, that Cornerstone may owe a pro rata share of the RehabCare's defense costs is not obviously unmeritorious. Plaintiffs, however, argue that contribution is only available where an insurance company has "undertaken the indemnification of the common insured." Pls.' Resp. 9 (stating that the quote is from *State Farm Fire & Cas. Co. v. Zurich Ins. Co.*, 111 F.3d 42, 44 (6th Cir. 1997)). This language is not within the cited opinion, and Defendants provide no other authority for this proposition.

Plaintiffs further argue that Homeland can obtain the sought relief without impleading Cornerstone. While this may be accurate, the Court may also efficiently resolve claims for relief in this matter with similar facts. Therefore, judicial economy favors allowing the third-party motion as it would not unnecessarily complicate the matter.

Plaintiffs also contend that the third-party complaint would prejudice a non-party – Polaris – and create a wasteful circular flow of liability. First, if the Court finds Cornerstone is liable for contribution to Homeland for Polaris' defense costs, any subsequent claim Cornerstone may have against Polaris may be litigated after this action between those parties. Second, whether liability is circular depends on how this Court rules on the merits of the third-party complaint.

Plaintiffs have not presented an argument that would weigh against this Court allowing the third-party complaint at this early point in litigation.

The Court will grant Homeland's motion for leave to file a third-party complaint.

The Court will file a separate order in accordance with this opinion.